# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1308 | **DATE** | 6/14/2001 |
| **CASE TITLE** | Well Care Neonatologists, P.C. Vs. Taisser Atrak, M.D. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to dismiss the affirmative defenses and the counterclaims is granted in part and denied in part. Status hearing set for July 11, 2001 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | JUN 15 2001 | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | 9 |
| | Mail A 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | 01 JUN 14 PM 3: 16 | date mailed notice | | |
| WAH | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

WELL CARE NEONATOLOGISTS, P.C.,    )
                                   )
                    Plaintiff,     )
                Counter-defendant, )
        vs.                        )    No. 01 C 1308
                                   )
TAISSER ATRAK, M.D.,               )
                                   )
                    Defendant,     )
                Counter-plaintiff. )

**DOCKETED**

JUN 1 5 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, which provides professional medical services, sued defendant in state court, claiming that it had been damaged when defendant did not show up to honor an agreement employing him as a physician. The action was removed to federal court and defendant has now answered, alleging eight affirmative defenses and two counterclaims. Plaintiff moves to dismiss the affirmative defenses and the counterclaims.

The parties agree that they entered into an employment agreement, a portion of which is attached to the complaint and a full copy attached to one of the briefs. That agreement specifies that its anticipated duration was twelve months, possibly longer, from September 1, 1998. It could be terminated, however, by mutual agreement or upon 90 days written notice. According to defendant, plaintiff agreed to extend the start date to January 1, 1999, because defendant needed the additional time to wind up his practice in Saudi Arabia and return to the United States, and a letter from plaintiff's attorney indicates that is so. Defendant notified plaintiff on September 12, 1998, that he would not be practicing with plaintiff. That notification was after the original start date but more than 90 days before the alleged modified

start date.

The affirmative defenses are as follows: (1) Plaintiff waived its claim by agreeing to the modified start date. (2) That accepted modification estops plaintiff from insisting upon modification only by certified mail. (3) Plaintiff is estopped because it did not comply with its obligations respecting termination and modification. (4) The agreement was terminated by appropriate notice. (5) The agreement was terminated by plaintiff's failure to act in accordance with principles of medical ethics. (6) Plaintiff fraudulently induced defendant to enter into the agreement by falsely representing that the position was as a staff neonatologist in a Level II+ nursery. (7) Plaintiff is barred by *laches*. (8) Plaintiff's claims are barred completely or in part by the doctrine of avoidable consequences.

The first four affirmative defenses appear to be variations on the same theme: there has been no breach by defendant because plaintiff accepted an oral modification to January 1, 1999, and defendant terminated the agreement more than 90 days prior to that date by a means plaintiff recognized as effective, as it did not contest the sufficiency of the means by written notice, certified mail. But defendant has denied any breach in his answer, and that is enough. The first four affirmative defenses are dismissed as unnecessary – they merely explain why defendant believes he has not violated the agreement.

The fifth and sixth affirmative defenses will not be dismissed, although their pleading is not a model of clarity. Both seek to avoid the contract on the grounds that plaintiff misrepresented the nature of the facility and the nature of the position. Avoidance defenses are proper affirmative defenses. We do, however, dismiss affirmative defenses seven and eight. The seventh, as explained by defendant, is another denial of any breach because he was at least

willing to consider being employed for 90 days. The eighth relates to damages calculations, an argument defendant may raise without special pleading.

Plaintiff's motion to dismiss the breach of contract counterclaim in count I is denied. Plaintiff relies upon the integration clause in the employment agreement, but it concedes that defendant conceptually could recover if an agreement to pay travel expenses were an entirely separate and distinct agreement. We note that defendant claims the promise was to pay travel expenses, whether or not he was employed. We are not prepared to conclude, as a matter of law, that an alleged oral agreement to pay travel expenses in those circumstances was the same subject matter as the employment agreement itself.

We grant, however, the motion to dismiss the *quantum meriut* counterclaim in count II. That claim necessarily supposes that the parties did not discuss or agree upon reimbursement. We are unaware of any authority that suggests that a potential employer is liable for the travel expenses of a job-seeker and his family to travel to the interview site, in the absence of any agreement to do so. Defendant concedes as much by relying upon plaintiff's alleged offer to reimburse (def.resp., p.7). But that is the stuff of contracts.

Finally, we deny, in part for now, plaintiff's motion to dismiss the fraudulent inducement counterclaim, count II, and grant it in part. Defendant rests upon three alleged assertions: that (a) he would be employed as a staff neonatologist (b) in a Level II+ nursery (c) at Rush-Copley Hospital in Aurora, Illinois . The employment agreement is consistent with (a). If plaintiff had no intention of employing him in that capacity, but rather intended to employ him as a medical director with significant administrative responsibilities, which should have commended a higher salary, perhaps defendant has a claim. We do not, however, see

how the other two claims can survive the integration clause. His services in the employment agreement were medical and surgical services as a neonatologist. They are not restricted to a Level II+ nursery. And the agreement expressly recites that plaintiff provides neonatology services in several local hospitals. Even if defendant was led to believe that his initial assignment was to a Level II+ nursery in a particular hospital, the agreement appears, on its face, to permit assignment, at the employer's option, to another hospital, there to provide neonatology services. Those claims are dismissed. Barille v. Sears Roebuck & Co., 224 Ill.Dec. 557, 682 N.E.2d 118 (Ill. App. 1 Dist. 1997).

JAMES B. MORAN
Senior Judge, U. S. District Court

June 14, 2001.